## HOLLAND *et ux. v.* HYDE.

*(Circuit Court, D. Oregon.* April 23, 1890.)

FEDERAL COURTS—JURISDICTION—PATENT OF LAND—CANCELLATION.
   This court has no jurisdiction of a suit brought by citizens of the state of Oregon, against a citizen of the District of Columbia, to cancel a United States patent to land to which plaintiffs claim they are entitled to have a patent, where the ground for canceling is fraud alleged to have been committed by the defendant in procuring the issuance of the patent to one of the plaintiffs, and where the defendant is claiming the land under conveyances purporting to have been executed by the plaintiffs. Such a suit involves no federal question, and the parties are not citizens of different states. Moreover, there is no equity in the bill.

*(Syllabus by the Court.)*

In Equity.
*Patrick Holland*, plaintiff, *in pro. pers.*
*Joseph Simon*, for defendant.

HANFORD, J. The demurrer to the bill in this case was submitted without argument on the part of the plaintiffs. I have not, after careful consideration, been able to find any ground upon which the case can be maintained in this court. Upon the face of the bill, it appears that the plaintiffs are citizens of the state of Oregon, and the defendant is a citizen of the District of Columbia. The case, therefore, is not one between citizens of different states, nor one of which this court can take jurisdiction by reason of the diverse citizenship of the parties. This proposition has been so often decided, and so long maintained, in the national courts, that it is now entitled to rest as settled law.

The object of the suit, as shown by the statements and prayer of the bill, is to set aside a United States patent for a tract of land, not on the ground of any error or misconstruction of law, but solely on the ground of a fraud on the part of the defendant, (and other persons not identified,) in procuring the issuance of the patent to one of the plaintiffs. The only issues tendered by the bill are issues of fact; hence the case is not one arising under the constitution or laws or any treaty of the United States, and it is not, by reason of the subject-matter thereof, within the jurisdiction of the court. The purpose to be accomplished by canceling the patent is not shown by any direct averment in the bill. The necessary inference, however, is that the plaintiffs seek to have one patent already issued to Patrick Holland, under a cash entry which they disclaim to have made or authorized, set aside, in order that they may obtain another patent, conveying to the same Patrick Holland the title to the same land under a cash entry of a date prior to the entry which they repudiate. Equity, to correct an error or give relief from the effects of a fraud, does not proceed by so indirect a course as to cancel one conveyance in order that another may be substituted, so as to convey the same property, from the same grantor, to one having rights superior to the first grantee, but will, in a proper case, in the most direct manner, give effect to the original conveyance so that it shall inure to the bene-

fit of the party rightfully entitled; much less will it do so vain a thing as to destroy one deed in order that the same grantee may obtain another conveyance of the same title from the same grantor.    The patent which the plaintiffs would have canceled gave them the land they claim to own.    If this court had jurisdiction of this case, it could give them no more; therefore the suit is entirely useless.    There is no equity in the bill, and for that reason, as well as for want of jurisdiction, I sustain the demurrer.